**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

USPO & COURTHOUSE
1 FEDERAL SQUARE, ROOM 417
P.O. BOX 999
NEWARK, NJ 07101-0999
(973) 645-3136

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

**Re:**      *The Portofino, LLC et al. v. John R. Cali, et al.*, No. 05-4042

Dear Parties,

Presently before the Court is a motion by defendants John R. Cali, John J. Cali, Brant Cali, Phillip Cali, Jr., Angelo Cali, and Cali Futures, LLC (collectively, the "Cali Defendants") to dismiss the claims against them in the Amended Complaint. For the reasons set forth herein, defendants' motion is granted.

**A.   Background**

According to the Amended Complaint, the facts in which are accepted as true for the purposes of this motion, on or about October 25, 2000, plaintiff The Portofino LLC ("Portofino"), acting through its principal, plaintiff Ben Favret, entered into a contract with non-party Weill Heirs, Inc., to acquire 16.1 acres of real property in Biloxi, Mississippi for the purpose of constructing condominiums. Favret sought potential investors for the project and at some point entered into negotiations with defendant Lester Dworman. This ultimately resulted in defendant Bentos Company ("Bentos") (whose principal was Dworman) becoming an owner of a 25% interest in Portofino.

Shortly before the date on which Portofino was required to close the acquisition of the real property, it became clear that Dworman would be unable to provide the funding necessary for the acquisition to close. At that time, the individual Cali Defendants were introduced to Favret with respect to the possibility of becoming partners in a new venture that would acquire the assets of Portofino and develop the project. On or about January 13, 2004, a newly-organized entity, Portofino Biloxi, LLC ("Portofino Biloxi"), was organized to take over the development of the project. The three members of Portofino Biloxi were Portofino (whose principal was Favret), Bentos (whose principal was Dworman), and Cali Biloxi LLC ("Cali Biloxi") (whose principals were John J. Cali and Angelo R. Cali). On January 17, 2004, Portofino Biloxi acquired the real property.

On or about August 20, 2004, Portofino received notice from Cali Biloxi by way of a letter signed by John J. Cali that Cali Biloxi and Bentos had determined that additional capital contributions were needed from each member of Portofino Biloxi for various operating costs. The amount required from Portofino was $300,000. Although objecting initially, plaintiff Favret ultimate agreed to deem the request for funds an effective cash call under the Operating Agreement

of Portofino Biloxi ("Operating Agreement"). Under the Operating Agreement, any member failing to meet a cash call for additional capital would forfeit its interest in Portofino Biloxi.

The due date for the delivery of the funds pursuant to the cash call was September 15, 2004. Portofino allegedly had secured the necessary funds from a third party but was unable to timely deliver the funds as a result of the effect of Hurricane Ivan on the institutions that were providing the funds. Because defendants refused to extend the deadline for Portofino to meet its obligation under the cash call, Portofino forfeited its share of Portofino Biloxi pursuant to the Operating Agreement. This suit followed. The thrust of plaintiffs' Amended Complaint is that Portofino was improperly deprived of its interest in Portofino Biloxi.

**B. Discussion**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, the court must reasonably read the complaint and decide whether the plaintiff has pled a cognizable cause of action entitling it to relief. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In making this determination, a court accepts as true all of the well-pleaded factual allegations within the complaint and any reasonable inferences drawn therefrom. *Hayes v. Gross*, 982 F.2d 104, 105-06 (3d Cir. 1992). The court may also consider exhibits attached to the complaint, matters of public record, and documents that form a basis of plaintiff's claim. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). However, the court need not consider a plaintiff's bald assertions or legal conclusions. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Counts I, II and VI of the Amended Complaint having been previously dismissed, the claims against the Cali Defendants that presently remain in the case are as follows: Count III, alleging breach of contract; Count IV, seeking a declaration that a provision of the Operating Agreement is void; Count V, alleging breach of the covenant of good faith and fair dealing; and Count VII, seeking punitive damages. These claims center on the alleged breach the Operating Agreement governing the operations of Portofino Biloxi.

The Cali Defendants move to dismiss these remaining claims, arguing that because they are not alleged to be in privity of contract with plaintiffs, they are not proper defendants for any of the contract-based claims. As noted above, none of the Cali Defendants are alleged to be parties to the Operating Agreement. The Cali Defendants further argue that because the contract claims are improper, the claim for punitive damages cannot stand absent a valid underlying cause of action.

Generally, "one who is not a party to a contract may not be sued for a breach arising out of it." *Bocobo v. Radiology Consultants of South Jersey, P.A.*, Civ. No. 02-1697, 2005 WL 3158053 (November 21, 2005 D.N.J.). Here plaintiffs allege that defendants(1) breached the Operating Agreement by improperly determining that Portofino was in default on the cash call; and (2) breached the implied covenant of good faith and fair dealing by failing to agree to an extension of

time for Portofino to meet the cash call.  Plaintiffs also allege that the forfeiture provisions of the Operating Agreement should be declared void as against public policy.  Because the Cali Defendants are not parties to the Operating Agreement, none of these claims are appropriately asserted against these defendants.

In response to defendants' motion, Plaintiffs argue that the Cali Defendants are liable under Article 14.3 of the Operating Agreement for "willful and intentional misconduct attributable to them individually."  Pl. Brf. at 7.  Article 14.3 of the Operating Agreement reads in its entirety as follows: "No Member shall be personally liable to [Portofino Biloxi L.L.C.] or any of the other Members for any act or omission performed or omitted by him, except if such act or omission was attributable to willful misconduct or gross negligence."  *See* Amended Complaint at Ex. A, Article 14.3.  Under the Operating Agreement, a "Member" is defined as "[e]ach of the parties who has executed this Operating Agreement and any party who may hereafter become an Additional Member or Substitute Member."  *Id.* at Article 1.1. None of the Cali Defendants are alleged to be Members of Portofino Biloxi.  By its express terms, therefore, this provision is not even relevant with respect to the allegations against the Cali Defendants.

The Court notes that while it is alleged in the Amended Complaint that certain of the Cali defendants are "principal members" of Cali Biloxi, LLC, a party to the Operating Agreement, Plaintiffs have not asserted that piercing the corporate veil is appropriate as to these defendants. Moreover, it does not appear that plaintiffs have pled facts in the Amended Complaint that would support such a claim.  *State Dep't of Environ. Prot. v. Ventron Corp.*, 94 N.J. 473, 500, 468 A.2d 150 (1983)(corporate veil may be pierced where corporation was mere instrumentality of owner and owner used business form to perpetrate a fraud or injustice, or otherwise circumvent the law). Therefore, plaintiffs' contract claims fail as to the Cali Defendants.

This leaves Count VII, entitled "Punitive Damages."  This claim cannot stand on its own absent an underlying cause of action.  *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 97 N.J. 37, 45, 477 A.2d 1224 (1984) ("punitive damages may lie provided there is a valid underlying cause of action.")  Consequently, the Cali Defendants' motion shall be granted.

**C. Conclusion**

For the reasons set forth above, the Cali Defendants' motion is granted.  An appropriate Order accompanies this opinion.

**SO ORDERED.**

Date:   November 20, 2006                           /s/ JOEL A. PISANO
                                                    United States District Judge